UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DESEAN M. COOPER, CHARLES G. MASICH, DYLAN G. QUINLAN, JASON M. PAZDA, WENDY A. BICKNELL, TIMOTHY R. HIAK, SANDRA J. ROSENSWIE, GLENN MCLAUGHLIN, and MARYRUTH MORRIS,

Plaintiffs,

v.

**ORDER**

11-CV-824S

DENNIS E. WARD and RALPH MOHR, Commissioners of and Constituting the ERIE COUNTY BOARD OF ELECTIONS;
and
DOUGLAS A. KELLNER, EVELYN J. AQUILA, JAMES A. WALSH, and GREGORY P. PETERSON, Commissioners of and Constituting the NEW YORK STATE BOARD OF ELECTIONS;
and
BARBARA MILLER WILLIAMS, KEVIN R. HARDWICK, SHELLY D. SCHRATZ, EDWARD A. RATH, MICHAEL W. COLE, LYNN D. DIXON, JOSEPH C. LORIGO, JOHN J. MILLS, and RAYMOND W. WALTER, Candidates;
and
NEW YORK STATE INDEPENDENCE PARTY COMMITTEE;
and
NEW YORK STATE INDEPENDENCE PARTY EXECUTIVE COMMITTEE;
and
FRANK MCKAY, Presiding Officer of and WILLIAM BOGARDT, Secretary of a purported meeting of the Executive Committee of the New York State Independence Party Committee;

Respondents.

## I. INTRODUCTION

On or about September 28, 2011, Plaintiffs commenced this action in the Supreme Court of the State of New York, County of Erie, seeking equitable relief under New York Election Law, § 16-102.  In particular, Plaintiffs request a court order invalidating Independence Party Certificates of Authorization and Certificates of Nomination issued on behalf of candidates for the 148th Assembly District in the State of New York and eight Erie County legislative districts for the November 8, 2011 general election.[1]

On September 29, 2011, on behalf of Defendants Ward and Mohr, the Erie County Attorney removed the action to this Court under 28 U.S.C. § 1331, alleging that it arises "under the Constitution, laws, or treaties of the United States."  Specifically, the removing attorney contends that even though the Petition "is artfully pled to avoid . . . federal constitutional issues," it collaterally challenges and seeks to nullify the remedy chosen by this Court in Mohr v. Erie County Legislature, No. 11-CV-559S, 2011 U.S. Dist. LEXIS 85803 (W.D.N.Y. Aug. 4, 2011).

For the reasons stated below, this action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## II. DISCUSSION

The removal statute, 28 U.S.C. § 1441(a), provides, in relevant part, that a civil action filed in state court may be removed by the defendant(s) to federal district court if the district court has original subject matter jurisdiction over the plaintiffs' claim.  *See also*, Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994).  Federal district

---

[1] Although the Erie County Legislature is comprised of eleven districts, candidates were nominated and authorized for only eight.

courts are "'courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute.'" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). This Court has original subject matter jurisdiction only over cases in which there is a federal question, see 28 U.S.C. § 1331, and cases between citizens of different states, see 28 U.S.C. § 1332. Removal jurisdiction must be strictly construed, and any doubts resolved against removability out of respect for the limited jurisdiction of the federal courts and the rights of states. In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 124 (2d Cir. 2007) (internal citations omitted).

"A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)). "The Court is required to inquire into the basis for subject matter jurisdiction even if not raised by the parties." South Point, Inc. v. Krawczyk, No. 07-CV-576A, 2008 U.S. Dist. LEXIS 11290, 2008 WL 434590, at *3 (W.D.N.Y. Feb. 14, 2008); see also, D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting, Inc., 550 F.Supp.2d 481, 486 (S.D.N.Y. 2008) ("[A] federal court has an independent duty to determine that it has subject matter jurisdiction and may raise the issue sua sponte."); Citibank, N.A. v. Swiatkoski, 395 F.Supp.2d 5, 10 (E.D.N.Y. 2005) (Court has authority to remand an action *sua sponte* where it is "unmistakably clear" that it lacks subject matter jurisdiction); Morrison v. Seafarers Int'l Union of N.A., AFL-CIO, 954 F.Supp. 55, 56 (E.D.N.Y. 1996) ("Where a

case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated, pursuant to 28 U.S.C. § 1447(c).")

As previously noted, the removing defendants rely solely on federal question jurisdiction, alleging that artful pleading obscures the fact Plaintiffs are collaterally attacking this Court's earlier decision on a constitutional issue.

In Mohr v. Erie County Legislature, the plaintiffs alleged that the county's failure to draw new voting districts to account for both a legislative downsizing and 2010 census figures violated the principle of one-person, one-vote. 2011 U.S. Dist. LEXIS 85803. In addition to judgment on this constitutional claim, the plaintiffs sought adjustments to ballot access to provide candidates a method by which they could be placed on the general election ballot in light of the fact that deadlines critical to placement on a primary ballot had expired. This Court granted judgment in favor of the plaintiff, directed implementation of a new districting plan, and found that "the use of Section 6-116 [of the New York Election Law] is proper and will ensure a slate of candidates for the [general] election." *Id.* at *18. Under Section 6-116, each political party was permitted to select candidates for the general election by certificates of nomination, approved by the appropriate party committee.

Plaintiffs in this current action allege that the Independence Party's State Executive Committee did not provide written notice of its meeting to approve the certificates of nominations, held such meeting by telephone, and lacked a quorum, all in violation of New York Election Law.

A case may be filed in or removed to federal court "'when a federal question is

presented on the face of the plaintiff's properly pleaded complaint.'" Vera, 335 F.3d at 113 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)); see 28 U.S.C. § 1331. A well-pleaded complaint raises a federal question either by (1) asserting a federal cause of action, or (2) presenting state claims that "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005) (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)).

In the case at bar, Plaintiffs claim violations of state law only. Their Complaint does not allege any facts or circumstances that potentially give rise to a federal claim arising under the Constitution or a federal statute. A ruling in Plaintiffs' favor would not alter or undermine the judgment entered in Mohr, nor would it have any impact on the Court's districting plan. While this Court did identify a process available to the various political parties in connection with the general election ballot, it did not require the parties to use that process (as is evident by the fact that the Independence Party chose to field candidates for only 8 of 11 county legislative districts), nor did it alter any of the state law procedural requirements relative to that process. In short, whether the Independence Party's certificates of authorization and certificates of nomination are invalid due to failures to follow state law is purely a state law question. As no federal or constitutional violation is alleged, and no substantial question of federal law is implicated in the action, this Court lacks jurisdiction.

**I.  CONCLUSION**

For the reasons stated, this action is *sua sponte* remanded to the Supreme Court of the State of New York, County of Erie.

**IV.  ORDERS**

IT HEREBY IS ORDERED that this action is remanded to the Supreme Court of the State of New York, County of Erie.

FURTHER that the Clerk of Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Erie.

SO ORDERED.

Dated:   October 4, 2011
         Buffalo, New York

<div style="text-align:right;">
s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
</div>